**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50326 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-2018-L-3 |
| v. | |
| LUIS ALVAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted August 27, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District Judge.[***]

Luiz Alvarez appeals his convictions and sentence for conspiracy to

distribute 50 grams or more of methamphetamine (21 U.S.C. §§ 841(a) & 846),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

and possession with intent to distribute 90 grams of methamphetamine and aiding and abetting (21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2).

It was not plain error for the district court to refer to an expert witness as an "expert" in the presence of the jury. There is no clear or obvious rule in this Circuit that prohibits such a practice and even if the reference was an error, it did not affect the outcome of the trial because the jury received overwhelming evidence of defendant's guilt. Since the requirements for plain error have not been met, the panel need not determine whether the error "seriously affect[ed] the fairness, integrity or public reputation" of defendant's trial. See Puckett v. United States, 556 U.S. 129, 135, 129 S. Ct. 1423, 173 L.Ed.2d. 266 (2009).

Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L.Ed.2d 350 (1998), which authorized, for sentencing purposes, judicial fact finding as to the existence of a prior conviction, remains binding authority. Defendant has failed to offer a viable argument for avoiding its holding.

**AFFIRMED.**